NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 10, 2011[*]
Decided March 10, 2011

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3629

| | |
|---|---|
| GLORIA E. SWANSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 4309 |
| CITY OF HAMMOND, INDIANA, et al., | |
| *Defendants-Appellees.* | Charles P. Kocoras, *Judge*. |

**O R D E R**

Gloria Swanson, a Chicago resident, has had a tumultuous history with the Horseshoe Casino in Hammond, Indiana. When she arrived at the casino on July 12, 2008, the casino contacted Hammond police, and two police officers arrested her for criminal trespass. The officers took her to the Hammond police station; on the way, according to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Swanson, she suffered a headache from exceedingly high blood pressure and the officers ignored her repeated requests for medical assistance. At the station Swanson posted bond (which she says was set at a higher level than it would have been had she been an Indiana resident).

Swanson filed this suit in the Northern District of Illinois against the Hammond Police Department[1] and the arresting officers, alleging various civil rights violations. The defendants moved to dismiss for lack of personal jurisdiction, FED. R. CIV. P. 12(b)(2), and lack of proper venue, FED. R. CIV. P. 12(b)(3). In support of their motion the individual defendants stated by affidavit (without contradiction from Swanson) that they are police officers for the City of Hammond who conduct no business in, own no property in, and engage in no advertising directed at the State of Illinois. Each affiant also alleged that all events giving rise to Swanson's claims took place entirely in Indiana. The district court granted the defendants' motion on personal-jurisdiction grounds, finding the venue motion moot. Swanson appeals; because Swanson has not established personal jurisdiction, we affirm the district court's judgment.

Though the district court dismissed Swanson's case without prejudice under Rule 12(b)(2), the decision was final, so we have jurisdiction to review it. See *Nelson v. Bulso*, 149 F.3d 701, 703 (7th Cir. 1998); *Brady v. Sullivan*, 893 F.2d 872, 876 n.8 (7th Cir. 1989) (per curiam). Our review is *de novo*, see *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 619 (7th Cir. 2007); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997), and, for the purposes of our review, we accept Swanson's allegations relating to personal jurisdiction as true except where the defendants refute them through undisputed affidavits. *Cent. States, Se. and Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006); *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

Swanson raises three arguments on appeal, but none is availing. She first argues that the defendants waived their personal-jurisdiction defense by entering a general appearance in the district court. But Federal Rule of Civil Procedure 12 long ago abolished the distinction between general and special appearances. See *In re Hijazi*, 589 F.3d 401, 413 (7th Cir. 2009); *SEC v. Wencke*, 783 F.2d 829, 833 n.3 (9th Cir. 1986); *Hous. Auth. of the City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973); *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d

---

[1] The caption in the district court listed the Hammond Police Department as a defendant, but a police department is not suable under § 1983. See *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997). We have adjusted the caption accordingly.

Cir. 1944); see also 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1344, at 28-35 (3d ed. 2004). As long as defendants comply with the rules by raising their defenses in their first responsive pleading or consolidate their defenses in a pre-pleading motion under FED. R. CIV. P. 12(b), they do not waive their Rule 12(b) defenses. A review of the district court docket shows that the defendants' attorneys filed (in order) appearances, a motion for an extension of time to file a responsive pleading, and, finally, the defendants' motion to dismiss. This sequence complied with the rules and, accordingly, the defendants did not waive their Rule 12(b) defenses.

Swanson also argues that the defendants waived their objections to personal jurisdiction when they moved for an extension of time to file their responsive pleading. Not so. Preliminary litigation actions, such as the defendants' request for an extension of time to file their responsive pleading, do not waive or forfeit personal-jurisdiction defenses. See *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 442-43 (7th Cir. 2010). To waive or forfeit their personal-jurisdiction defense, the defendants must create the expectation that they will defend the suit on the merits. *Id*. Asking for additional time to respond to the complaint could not reasonably affect Swanson's expectations about whether the defendants would defend against the complaint on personal-jurisdiction grounds.

Finally, on the merits of the defense, Swanson argues that the district court erred in concluding that she had failed to make a prima facie showing that it had personal jurisdiction over the Indiana defendants. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). But Swanson has alleged nothing to establish contacts sufficient to support the exercise of specific jurisdiction over the defendants by Illinois courts, much less contacts "continuous and systematic" enough to permit Illinois courts to exercise general jurisdiction over the defendants. See *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). The defendants' affidavits establish that they are Indiana residents, own no Illinois property, and conduct no business in Illinois. And all the events that gave rise to Swanson's claims took place entirely in Hammond, Indiana. Swanson contradicts none of these facts, but argues that because her bond was set higher than had she been an Indiana resident, the defendants have established contacts with Illinois. This argument proves only that she made contact with Indiana, not the other way around.

AFFIRMED.