**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a1292n.06

No. 11-2167

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
***Dec 17, 2012***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| **M&C Corporation,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **Erwin Behr GmbH & Co., KG, et al.,** | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| **Defendants-Appellees.** | ) | |

Before:     **MERRITT, MOORE, AND McKEAGUE, Circuit Judges.**

**MERRITT, Circuit Judge.**  After two decades of litigation and many futile attempts to enforce judgments against the named defendant, plaintiff M&C Corporation now seeks to reach nonparty respondents Deutsche Bank AG ("Deutsche"), Jens Schmelt, and Jan Hoetzel.  Deutsche is a German corporation, Schmelt is a German resident, and Hoetzel is a resident of Michigan. Specifically, M&C attempts to hold the respondents in contempt for their alleged role in selling the assets of defendant Erwin Behr GmbH & Company, KG ("Behr"), a German corporation, assets that included Behr Industries Corporation ("Behr Industries"), a former Behr subsidiary based in Michigan.  The district court dismissed the contempt proceedings against Deutsche and Schmelt on the primary rationale that it lacked personal jurisdiction.  For the reasons explained below, we hold that the district court had personal jurisdiction.  However, because M&C has failed to prove contempt on the merits, we affirm the district court's dismissal of Deutsche, Schmelt, and Hoetzel.

## I. Background

This litigation has a history of Dickensian proportions. It has engendered five previous appeals to this court, none of which is immediately relevant to the questions we must answer in this case. Facts important to the current appeal are summarized below. For a more complete description of the central dispute between M&C and Behr, see our opinion in the fifth appeal. *M&C Corp. v. Erwin Behr GmbH and Co., KG*, 289 F. App'x 927, 929–31 (6th Cir. 2008) ("*Behr V*").

In 1991, M&C sued Behr in the District Court for the Eastern District of Michigan. It claimed that Behr breached a 1985 contract under which M&C was to be Behr's exclusive agent for the sale of wood paneling for luxury cars. The proceeding shifted to an international arbitrator, who in 1994 ordered Behr to pay future commissions to M&C. The district court upheld the arbitrator's decision, and we affirmed. 87 F.3d 844 (6th Cir. 1996). Behr did not comply, and in 1996 the district court held Behr in contempt and appointed a receiver over its holdings. The court also enjoined Behr and "its officers, agents, servants, employees, attorneys and those individuals or entities acting in concert or participation with them" from disposing of any of Behr's assets. App. of Non-ECF Docs. at 115.

In 2005, Behr sold to a private equity firm some of its assets, including Behr Industries, a subsidiary based in Grand Rapids, Michigan. Behr provided no notice to M&C, the receiver, the arbitrator, or the district court. Behr itself declared bankruptcy and changed its name to "Alpha-200 GmbH & Company, KG."

The district court held Behr in contempt for selling its assets in contravention of the 1996 injunction, a decision we affirmed. *Behr V*, 289 F. App'x at 935–36. Several months after the

district court issued its contempt order, M&C sought a separate show-cause order against nonparties it alleged to have violated the injunction through the sale of Behr's assets, including Deutsche and Schmelt. The magistrate judge denied the motion because "[t]he question whether the Court could obtain personal jurisdiction over these non-parties and enforce any subsequent orders upon them is a fundamental concern that Plaintiff has not adequately addressed." R. 626, Report and Recommendation at 9. In December 2007, the district court adopted the magistrate's report in a modified form. It permitted M&C to file an updated list of nonparty respondents against which contempt should issue, and stated that the list "shall give clear and convincing evidence of the violations of the Court's orders for each nonparty that support[s] the issuance of orders to show cause for contempt." R. 652, Order at 6–7.

In May 2010, M&C filed a motion once again naming Deutsche and Schmelt, among others, as nonparties in contempt of court. The motion named Hoetzel as a contemnor for the first time. M&C alleged that Deutsche, as Behr's creditor, compelled Behr to transfer its assets to Schmelt, who in turn acted as trustee and sold the assets. It also alleged that Hoetzel was among several Behr officers who arranged the sale. M&C did not attach exhibits in support of these allegations. In July 2010, the district court ordered the nonparty respondents to appear in court to show cause why they should not be held in contempt. M&C subsequently filed a motion to quash all discovery, arguing that contempt motions "are summary in nature, and not some form of 'trial' with the panoply of pretrial proceedings." R. 751, Mot. to Quash and/or Suspend Disc. at 2. Five weeks before the hearing, the district court issued an order stating that no live testimony would be permitted at the hearing and that "the parties may attach, as appendices to their briefs, any affidavits or other

-3-

documentary evidence needed to support the legal argument." R. 764, Order Denying Mot. at 2.

M&C did not submit documentary evidence in response to the district court's order. Instead, it

appeared at the hearing with several binders of evidence that it claimed would support its case. *See*

R. 786, Tr. of Mot. Hr'g at 52–53, 60–61.

After the hearing, the district court declined to impose sanctions against Deutsche, Schmelt,

or Hoetzel. It based its ruling as to Deutsche and Schmelt entirely on a lack of personal jurisdiction.

It found no general jurisdiction because Schmelt only rarely visited the United States and because

Deutsche had no Michigan offices. Relying on *Reebok International Limited v. McLaughlin*, 49 F.3d

1387 (9th Cir. 1995), and an expert witness's evaluation of German law, the district court found no

specific jurisdiction, primarily because German law would refuse to enforce the district court's 1996

injunction. As for Hoetzel, the district court found he was unable to pay and that entering sanctions

against him would not aid in enforcement of the 1996 injunction.[1]

M&C moved for reconsideration. The district court declined to reverse its previous ruling

on personal jurisdiction. The court also ruled, for the first time, that M&C had failed to bring clear

and convincing evidence of the respondents' contempt.

M&C now appeals the district court's denial of its motion to reconsider. This order is final

within the meaning of 28 U.S.C. § 1291. *See Sanders v. Monsanto Co.*, 574 F.2d 198, 199 (5th Cir.

1978) ("[I]f a motion for civil contempt is denied after the entry of the judgment which was the

---

[1] The court denied sanctions against two additional nonparty respondents for failure of service. It granted sanctions against other nonparties that failed to respond, as well as against Behr itself. These rulings are not before us in this appeal.

subject of the contempt, the denial is final and reviewable because no further district court action is necessary to give life to the denial.").

## II.  Personal Jurisdiction

Supreme Court precedent commands that we first address whether the district court had personal jurisdiction over Deutsche and Schmelt. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).  Personal jurisdiction over Hoetzel is not at issue because he is a Michigan resident.  We review *de novo* a court's dismissal for lack of personal jurisdiction. *See Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).  Each side spends much of its briefing on this issue, particularly in examining whether *Reebok International Limited v. McLaughlin*, 49 F.3d 1387 (9th Cir. 1995), requires a federal court to find jurisdiction lacking when a contempt order would be unenforceable in the nonparty's country of residence.  This briefing, while helpful in framing the issue, is ultimately superfluous in light of *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011), a case requiring courts in the Sixth Circuit to exercise personal jurisdiction whenever a defendant's attorney enters a general appearance.

In *Gerber*, the defendants submitted a *pro se* motion to dismiss for lack of personal jurisdiction. The district court compelled the defendants to retain an attorney, who entered a general appearance.  After an interim of two and a half years, during which the parties filed numerous pretrial motions, the defendants filed another motion to dismiss for lack of personal jurisdiction, which the district court granted.  We reversed.  Rather than finding that the defendants waived personal jurisdiction by participating in the litigation for two and a half years without raising it, we instead held that they waived it by virtue of the general appearance.  *Gerber*, 649 F.3d at 520

("Defendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction, and therefore, a waiver of Defendants' personal jurisdiction defense.").

The same result is required here. Deutsche's first filing in response to the district court's show-cause order was a general appearance entered by its counsel on September 21, 2010.[2] Schmelt's first filings were general appearances by his two attorneys on November 12, 2010.[3] These filings are nearly identical to the document held to waive personal jurisdiction in *Gerber*.[4] This case does admit of some distinctions from *Gerber*. Most notably, the respondents are foreign nonparties rather than defendants to the suit, and the district court compelled the respondents to appear in order to show cause why it should not hold them in contempt. However, these distinctions are ultimately an insufficient basis to depart from *Gerber*'s rule. Indeed, in *Gerber* the district court's order compelling the attorney's participation did not deter us from finding that the attorney's general appearance waived personal jurisdiction. Because *Gerber* is directly on point and because a "panel of this Court cannot overrule the decision of another panel," Deutsche and Schmelt waived personal jurisdiction when their attorneys entered general appearances. *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

---

[2] This document reads, "Please take notice that Morley Witus of BARRIS, SOTT, DENN & DRIKER, PLLC, hereby enters his Appearance as co-counsel on behalf of Deutsche Bank AG in the above-captioned matter." R. 745.

[3] The first attorney's filing reads, "Please enter the appearance of the undersigned as attorneys for JENS SCHMELT in the within cause." R. 756. The second attorney's filing reads verbatim. R. 757.

[4] The document held to waive personal jurisdiction in *Gerber* read only this: "Now comes Richard M. Kerger and enters his appearances as counsel for defendants, James C. Riordan and Seven Locks Press Corp. in this matter." *See Gerber*, 649 F.3d at 524 (Moore, J., concurring).

### III. Merits of M&C's Contempt Claim

We next address M&C's argument that Deutsche, Schmelt, and Hoetzel should be held in contempt for their role in liquidating Behr. When a district court orders or denies a contempt citation based on a violation of the court's injunction, we review its decision for abuse of discretion. *See NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987).

An analysis of whether a district court has authority to hold nonparties in contempt for violating its injunction must begin with Federal Rule of Civil Procedure 65(d)(2). The Rule provides three categories of persons that an injunction may bind. The first, of course, is the parties themselves. Fed. R. Civ. P. 65(d)(2)(A). The second is the parties' officers, agents, servants, employees, and attorneys. Fed R. Civ. P. 65(d)(2)(B). The third is "persons who are in active concert or participation" with a party or its officers, agents, servants, employees, or attorneys. Fed. R. Civ. P. 65(d)(2)(C). The party seeking contempt sanctions bears the threshold burden of placing its target within one of these categories. Moreover, where a party seeks to hold nonparties in civil contempt, it must also show that the nonparties are "aware of the injunction and know that their acts violate the injunction." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1353 (Fed. Cir. 1998) (citing *Waffenschmidt v. MacKay*, 763 F.2d 711 (5th Cir. 1985)). Taking these rules together, a party seeking contempt sanctions against a nonparty must prove that the nonparty knew of the injunction and knowingly aided and abetted an enjoined party or its agents to violate the injunction. This showing must be made by clear and convincing evidence. *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).

It is readily apparent that M&C has failed to meet these standards. The district court structured the presentation of proof in a very definite fashion. After M&C first asked for sanctions, the district court's December 2007 order required M&C to submit clear and convincing evidence alongside any subsequent prayer for contempt. When M&C returned to ask for contempt sanctions in 2010, information in its motion tending to satisfy the nonparty contempt standards was limited to bare allegations that were similar to those found in the earlier, deficient motion. Apparently the district court excused M&C from failing to satisfy its 2007 order and required the respondents to show cause. In its prehearing order, the district court announced that no live testimony would be heard, but that the parties could submit, as appendices to their briefs, documentary evidence in support of their arguments. M&C submitted no documentary evidence, but instead appeared at the hearing with a number of binders that it claimed to prove the respondents' contempt. It was well within the district court's discretion to reject a presentation of evidence that disobeyed its previous order. And having no evidentiary basis for a contempt finding, the district court was correct to dismiss M&C's claim on the merits.

M&C attempts to compensate for its failing by attacking the district court's procedures as "at complete odds with law." Reply Br. at 7. M&C argues that it was legally entitled to a contempt hearing at which it was permitted to take live testimony, present evidence, and conduct prehearing discovery. For this argument it cites the *Benchbook for U.S. District Court Judges* and *Sanders v. Monsanto Company*, 574 F.2d 198 (5th Cir. 1978).

The *Benchbook* is not binding authority and does not convince us that the district court's procedures were an abuse of discretion. M&C's citation to *Sanders* is somewhat more persuasive.

That case held that a civil contempt proceeding is of the nature of a trial rather than a motion hearing, and that a full evidentiary hearing is required. *Sanders*, 574 F.2d at 199–200. At least one other circuit agrees with this approach. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983). The Sixth Circuit does not appear to have definitively addressed the question. *See Kendrick v. Bland*, 845 F.2d 326 (6th Cir. 1988) (unpublished) (summarily holding that Fed. R. Civ. P. 43 did not require the district court to hold a hearing on a motion for civil contempt).

Even were we to accept, as a general proposition of law, that a claim of civil contempt requires a full-blown trial, we would not require that the district court hold one here. Not only did M&C fail to object to the district court's procedures until appeal; it sought to deny discovery to the respondents because it considered a contempt hearing to be "summary in nature, and not some form of 'trial' with the panoply of pretrial proceedings." R. 751, Mot. to Quash and/or Suspend Disc. at 2. Fundamental fairness prevents us from giving to M&C what it sought to deny its opponents.

The district court did not abuse its discretion by dismissing the respondents for lack of evidence showing them in contempt. The district court's order also applied to another respondent, Dietmar Klaube. Klaube did not respond to M&C's appellate brief. Because our conclusion applies equally to him, he will also be dismissed from the proceedings.

Though the district court had personal jurisdiction over Deutsche and Schmelt by virtue of their attorneys' general appearances, M&C did not make a proper showing that the respondents were in contempt of the district court's 1996 injunction. As far as Deutsche, Schmelt, and Hoetzel are concerned, this case has come to an end. Accordingly, the judgment of the district court dismissing the contempt proceeding is affirmed.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** The majority opinion applies a principle it derives from *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011), to conclude that the filing of notices of appearance by the attorneys for Schmelt and Deutsche Bank resulted in a waiver of Schmelt's and Deutsche Bank's personal-jurisdiction defenses. To the extent that *Gerber* supports this conclusion, I continue to believe that the case was wrongly decided for the reasons stated in my concurrence in *Gerber*. 649 F.3d at 520–25 (Moore, J., concurring). A one-sentence filing that "does nothing more than give notice of the identity of the [nonparty respondents'] counsel of record," *id.* at 524, was not sufficient to give M&C a reasonable expectation that Schmelt and Deutsche Bank would defend the case on the merits. *See id.* at 519; *Swanson v. City of Hammond*, 411 F. App'x 913, 915 (7th Cir. 2011); *United States v. 51 Pieces of Real Prop., Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) (holding that making an initial appearance was not sufficient to waive a personal-jurisdiction defense).

I also do not agree that this panel is bound to follow such a rule, because published decisions of this Court before *Gerber* have held that the filing of a notice of appearance is insufficient to waive a personal-jurisdiction defense. *See King v. Taylor*, 694 F.3d 650, 661 n.7 (6th Cir. 2012) ("The written appearance filed by Taylor's counsel . . . does not constitute forfeiture. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 n.7 (6th Cir. 1991). . . . Insofar as some of our more recent cases might suggest otherwise, *see, e.g.*, *Gerber*, 649 F.3d at 520, they must yield to *Friedman*."). We should follow the pre-*Gerber* authority, because the earlier of two conflicting published panel decisions is controlling. *See Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001). Further, to the extent that the *Gerber* principle cited by the majority relies on a distinction between

-10-

special and general appearances, this distinction was abolished by Federal Rule of Civil Procedure 12. *See Cnty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002) ("In order to object to a court's exercise of personal jurisdiction, it is no longer necessary to enter a 'special appearance.'"); *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 820 n.4 (6th Cir. 1981) ("We note that a 'special appearance' to challenge jurisdiction is no longer necessary under the Federal Rules. A defendant must attack the validity of service of process pursuant to Rule 12(b)."); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944) ("Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances."). Thus, I do not agree that the filing of notices of appearance by counsel for Deutsche Bank and Schmelt is dispositive regarding the question of waiver of the personal-jurisdiction defenses.

I would nonetheless hold that Deutsche Bank waived its personal-jurisdiction defense, using a different rationale than the majority. Namely, Deutsche Bank waived its personal-jurisdiction defense by not raising the defense in its first responsive pleading, when it failed to mention personal jurisdiction in its response to the show-cause order. *See* R. 770 (Deutsche Bank Resp. to Mot. for Judgment of Civil Contempt) (Page ID #5630). This filing presents legal arguments relating only to the merits of whether Deutsche Bank should be held in contempt for violating the 1996 injunction. Because Deutsche Bank failed to raise its personal-jurisdiction defense in its "'first defensive move,'" it waived the defense. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1391 at 855 (1969)); *see Taubman Co. v. Webfeats*, 319 F.3d 770, 773 (6th Cir. 2003) ("[A] challenge to personal jurisdiction must be raised in the first responsive pleading or be waived.").

Schmelt, in contrast, raised a personal-jurisdiction defense in his response to the show-cause order. *See* R. 768 (Schmelt Resp. to Order to Show Cause at 8) (Page ID #5576). In assessing whether Schmelt subsequently waived this personal-jurisdiction defense through his conduct in the litigation, I would ask whether Schmelt gave M&C "'a reasonable expectation that [he] w[ould] defend the suit on the merits.'" *Gerber*, 649 F.3d at 519 (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)); *see also King*, 694 F.3d at 659 (applying the same test). Although Schmelt pursued some discovery prior to the hearing on the show-cause order, making various discovery requests and serving subpoenas, when Schmelt filed a Motion to Compel Discovery, he continued to assert that the district court lacked jurisdiction over him. *See* R. 773 (Schmelt Mot. to Compel at 4) (Page ID #5720). Although in some circumstances a party may waive a personal-jurisdiction defense through conduct even after timely asserting the defense, I would find that Schmelt's conduct did not rise to the level of waiver in this case. *See Lechoslaw v. Bank of Am., N.A.*, 618 F.3d 49, 55–56 (1st Cir. 2010) (holding that the district court did not abuse its discretion in finding no waiver of a personal-jurisdiction defense, even when the defendant made and responded to discovery requests and participated in some motion practice); 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1391 (3d ed. 2012) ("Courts have continued to maintain that if the defendant has properly raised a defense by motion or in the answer, even though the defendant participates in the litigation on the merits, the defense still can be preserved and reasserted later in the action.").

The cases in which waiver through conduct has been found often involved prolonged and intentional delay in seeking a resolution of the personal-jurisdiction defense and sustained

participation in the merits without continual reassertion of the defense. *See, e.g.*, *King*, 694 F.3d at 660 (holding that defendant waived his personal-jurisdiction defense where he "participated extensively in the litigation for over a year," including "[v]oluntarily participating in full discovery on the merits"); *Rauch*, 576 F.2d at 702 (holding that the district court erred in dismissing the action for lack of personal jurisdiction when the defendants participated in extended discovery and filed a motion to dismiss based on the statute of limitations, among other conduct); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (finding waiver after "defendants fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction").

Unlike in the cases where waiver was found, Schmelt's filings with the district court consistently reasserted the personal-jurisdiction objection. R. 773 (Schmelt Mot. to Compel at 4) (Page ID #5720); R. 787 (Schmelt Resp. to Mot. to Refer Proceedings to Mediation) (Page ID #5952) (adopting rationale of Dietmar Klaube's response that the matter should not be referred to mediation because the district court did not have jurisdiction to compel mediation); *see Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (explaining that a defense of lack of personal jurisdiction is waived where a defendant's "conduct did *not* reflect a continuing objection to the power of the court to act over the defendant's person" (emphasis added) (internal quotation marks omitted)). Schmelt also did not delay seeking a ruling on the personal-jurisdiction defense. Schmelt's Motion to Compel Discovery did not give M&C a reasonable expectation that Schmelt would defend the suit on the merits, *see Gerber*, 649 F.3d at 519, but rather expressly stated that Schmelt was requesting that the district court grant him relief regarding his discovery requests and subpoena only "if the

Court does not order an outright dismissal of Plaintiff's contempt claim against Schmelt" on jurisdictional grounds. *See* R. 773 (Schmelt Mot. to Compel at 4–5) (Page ID #5720–21). I would hold that Schmelt's conduct in the litigation, including his continual assertions that the district court lacked personal jurisdiction, did not constitute waiver. *See, e.g.*, *Mobile*, 623 F.3d at 443 (holding that the defendant did not waive a personal-jurisdiction defense even though it had filed a motion with the district court asking for expedited discovery, and stating that, "[f]aced with an impending preliminary injunction hearing . . . Mobile/Houston had the right to ask for more time to learn who was suing it and why without losing its right to object to personal jurisdiction"). Thus, I would reach the merits of whether the district court had personal jurisdiction over Schmelt.

My disagreement with the majority's personal-jurisdiction-waiver analysis notwithstanding, I agree that M&C failed to meet its burden to show that the nonparty respondents should be held in contempt for violating the 1996 injunction. Accordingly, I concur in the judgment.