OPINION
CLAY, Circuit Judge.
Plaintiff Scott Gerber filed this diversity of citizenship action pursuant to 28 U.S.C. §§ 1291 and 1332 against Defendants James Riordan and Seven Locks Press Corp., alleging breach of contract and common law tort causes of action. The court below dismissed the action for lack of personal jurisdiction over Defendants. Plaintiff now appeals.
For the reasons stated below, we REVERSE the decision of the court below, and REMAND the case for further proceedings.
STATEMENT OF FACTS
I. Factual Background
This case arises out of a lawsuit filed by Plaintiff Scott Gerber (“Plaintiff’) against Defendants James Riordan (“Riordan”) and Seven Locks Press Corp. (“Seven Locks Press,” collectively “Defendants”), alleging breach of contract and common law tort causes of action.
Plaintiff is a faculty member at Ohio Northern University’s Claude W. Pettit College of Law, and an Ohio resident. However, in contracting with Defendants for publication of his manuscript, Plaintiff listed his address as “4302 Chesapeake Avenue, Hampton, Virginia, 23669.” (R. 6-1 at 1.) Defendant Seven Locks Press is a corporation incorporated under Nevada law, doing business in California. Seven Locks Press’ address is listed as “3100 W. Warner Avenue # 8, Santa Ana, California 92704.” (Id.)
In June 2005, Plaintiff and Defendant Seven Locks Press entered into a contract (the “contract”) to publish Plaintiffs manuscript. Defendant Riordan, publisher of Seven Locks Press, acted as Seven Locks *516 Press’ agent in negotiating and entering into the contract with Plaintiff. The contract initially required publication of Plaintiffs manuscript within 120 days of the date of the contract, (id. at 3), which Plaintiff alleges in his complaint was “on or about October 10, 2005.” (R. 6, Am. Compl. at 3.) The contract also required Plaintiff to pay Seven Locks Press a publication subsidy of $11,500.00. (Id.) Plaintiff alleges that he paid Seven Locks Press the agreed upon subsidy in November 2005. (Id.)
In November 2005, the parties amended the contract, and delayed the publication date to early February 2006. Plaintiff alleges that even after publication was delayed, Defendants failed to publish Plaintiffs manuscript in a timely fashion.
II. Procedural History
Plaintiff filed the instant action against Defendants on June 20, 2006 in the United States District Court for the Northern District of Ohio based on the parties’ diversity of citizenship, and an amount in controversy exceeding $75,000.00. See 28 U.S.C. §§ 1291 and 1332. In his amended complaint, Plaintiff seeks relief for Defendants’ breach of contract; interference with a contract and prospective advantage; defamation; intentional or reckless infliction of emotional distress; negligent infliction of emotional distress; misrepresentation; and fraud. After filing his complaint, but prior to receiving any responsive pleading from Defendants, Plaintiff filed an amended complaint; a motion to stay litigation in favor of mediation in Toledo, Ohio; and an application to the court for entry of default judgment against Defendants. Proceeding pro se, Defendants filed a motion to dismiss the amended complaint for lack of personal jurisdiction.
After directing Defendants to show cause why default judgment should not be entered against them for failure to secure an attorney to represent corporate Defendant Seven Locks Press as required by 28 U.S.C. § 1654, see also Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 166 n. 1 (D.C.Cir.1990) (“a corporation ... [may] not appear pro se”), the district court entered a default judgment against Defendants on October 16, 2006.
Subsequently, Defendants retained an attorney who entered a general appearance with the district court on Defendants’ behalf. Through their attorney, Defendants made motions to stay the litigation pending arbitration, and to vacate the default judgment entered against them. The district court granted both of Defendants’ motions on December 8, 2006. Defendants also filed an opposition to Plaintiffs motion for mediation in Toledo, Ohio.
The parties appeared at a case management conference with the district court on June 19, 2007. On June 21, 2007, the district court ordered that discovery in the case be completed by January 31, 2008; dispositive motions submitted by November 11, 2007; opposition to dispositive motions submitted by November 30, 2007; and replies submitted by December 15, 2007. The parties also consented to the magistrate judge’s jurisdiction for all purposes, including the entry of judgment. This case was subsequently reassigned from the district judge to a magistrate judge. The court scheduled a settlement conference for February 25, 2008, and a jury trial before the magistrate judge for March 18, 2008, with voir dire set for March 17, 2008.
After the June 19, 2007 case management conference, Defendants made a motion for an extension of time until July 9, 2007 to file its Rule 26 discovery responses. Defendants subsequently withdrew *517 this motion, and submitted their Rule 26 discovery responses on June 9, 2007.
The district court held an additional pretrial conference on June 17, 2007, which Defendants’ counsel attended in person, and which Defendant Riordan attended by telephone. The district court also stayed litigation pending mediation as contemplated by the parties’ contract.
After participating in the above-described proceedings, on April 1, 2009, Defendants filed a motion to dismiss for lack of personal jurisdiction, arguing that their contacts with Ohio were insufficient to support personal jurisdiction over them in that forum. The magistrate judge granted Defendants’ motion on May 28, 2009, and dismissed the action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).
Plaintiff timely appealed.
DISCUSSION
I. Standard of Review
“We review de novo a district court’s dismissal of a complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.” Bird v. Parsons, 289 F.3d 865, 871 (6th Cir.2002); see also Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir.2000).
II. Analysis
“Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state.” Id. at 873. This Court has explained the difference between these two types of jurisdiction as follows: “General jurisdiction is proper only where a defendant’s contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant’s contacts with the state.” Id. Specific jurisdiction, however, is proper only “in a suit arising out of or related to the defendant’s contacts with the forum.” Id. at 874.
In this case, Plaintiff concedes that Defendants’ contacts with Ohio are insufficient to support general jurisdiction in that forum. Ordinarily, in the absence of general jurisdiction, the only question before the Court is whether the district court had personal jurisdiction over Defendants based on specific jurisdiction. An exception to this rule occurs when a party fails to assert, or waives its general jurisdiction defense by, for example, entering a general appearance with the district court. See Calphalon, 228 F.3d at 721. It is with this exception that we deal in this case.
In a diversity case, such as the instant action, this Court uses a two part test to ascertain whether the district court has personal jurisdiction over a defendant. See, e.g., id. at 721; CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996). “The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements.” Calphalon, 228 F.3d at 721.
Ohio’s long-arm statute states in relevant part:
A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person’s:
(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;
(3) Causing tortious injury by an act or omission in this state;
*518 (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.
Ohio Rev.Code § 2307.382(A). Although we “have recognized that Ohio’s long-arm statute is not coterminous with federal constitutional limits,” Bird, 289 F.3d at 871, our jurisprudence analyzing personal jurisdiction under Ohio law has nevertheless done so with reference to the limits of federal constitutional due process. See id. Specifically, this Court has “consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend traditional notions of fair play and substantial justice.” Id. (quoting Int’l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).
Under this Court’s due process jurisprudence, “[sjpeeific jurisdiction over [Defendants] is permissible only if their contacts with Ohio satisfy the three-part test that this [C]ourt established in Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir.1968).” Id. at 874. As this Circuit has previously stated,
First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant’s activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.
Calphalon, 228 F.3d at 721 (quoting S. Mach. Co., 401 F.2d at 381).
 However, setting forth the constitutional requirements for a court’s exercise of personal jurisdiction over a defendant does not necessarily end our inquiry. Rather, because “the requirement of personal jurisdiction flows from the Due Process Clause and protects an individual liberty interest,” Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 905 (6th Cir.2006), “an individual may submit to the jurisdiction of the court by appearance.” Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). In so doing, a defendant would waive his potential personal jurisdiction defense. As we have explained, “[t]he requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court.” Days Inns, 445 F.3d at 905; see also Fed. R. Civ. P. 12(h)(1) (stating that “[a] party waives any defense listed in Rule 12(b)(2)-(5),” including the defense of lack of personal jurisdiction, by “failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading.”).
In this case, Defendants initially responded to Plaintiffs complaint by filing a pro se motion to dismiss for lack of personal jurisdiction, which the district court rejected for reasons unrelated to the motion’s merits. However, prior to renewing their motion to dismiss for lack of personal jurisdiction on April 1, 2009, Defendants participated in the litigation of this case as follows: (1) Defendants secured the services of an attorney who entered an appearance with the district court on behalf of Defendants on October 16, 2006; (2) Defendants filed a motion to stay litigation pending arbitration on October 31, 2006; (3) Defendants filed a motion to vacate the default judgment entered against Defendants on November 1, 2006; (4) Defendants filed an opposition to *519 Plaintiffs motion for mediation in Toledo, Ohio on December 21, 2006; (5) Defendants participated in a case management conference with the district court on June 19, 2007; (6) Defendants filed a motion for an extension of time until July 9, 2007 to file their Rule 26 discovery responses on July 3, 2007, a motion which Defendants subsequently withdrew on July 6, 2007; (7) Defendants made a motion to enforce a settlement agreement on July 6, 2007, which Defendants subsequently withdrew on March 3, 2009; (8) Defendants made their Rule 26 discovery responses on July 9, 2007; and (9) Defendants participated in a pretrial conference held by the district court on June 17, 2007.
In deciding whether Defendants waived their personal jurisdiction defense, we must determine whether any of Defendants’ appearances and filings in the district court constituted “legal submission to the jurisdiction of the court.” Days Inns, 445 F.3d at 905. As an initial matter, we note that while “the voluntary use of certain [district] court procedures” serve as “constructive consent to the personal jurisdiction of the [district] court,” Compagnie des Bauxites de Guinee, 456 U.S. at 704, 102 S.Ct. 2099, not all do. See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir.2010). Only those submissions, appearances and filings that give “[P]laintiff a reasonable expectation that [Defendants] will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking,” id. at 443, result in waiver of a personal jurisdiction defense.
There is a dearth of caselaw both in this Circuit, and in our sister circuits, defining precisely what types of appearances and filings qualify as “a [defendant’s] legal submission to the jurisdiction of the court,” Days Inns, 445 F.3d at 905, and give a “plaintiff a reasonable expectation that it will defend the suit on the merits.” Mobile Anesthesiologists, 623 F.3d at 443. Thus, we take this opportunity to discuss some of the contours of this area of the law.
Although at the end of the day we find that Defendants did waive their personal jurisdiction defense when their attorney entered a general appearance with the district court, not all of Defendants’ actions participating in the instant litigation were sufficient to signal Defendants’ voluntary submission to the district court’s jurisdiction. Thus, not all of Defendants’ filings could themselves constitute a waiver of Defendants’ personal jurisdiction defense.
Defendants did not accede to the district court’s jurisdiction in moving to stay the litigation pending arbitration. As we discussed above, “[t]o waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.” Id. A motion to stay litigation signals only that a defendant wishes to postpone the court’s disposition of a case. Far from indicating that a defendant intends to defend a suit on the merits, a motion to stay can serve to indicate the opposite — that a defendant intends to seek alternate means of resolving a dispute, and avoid litigation in that jurisdiction. Therefore, Defendants’ motion for a stay “does not come close to what is required for waiver or forfeiture” of a personal jurisdiction defense. Id.; see also Lane v. XYZ Venture Partners, L.L.C., 322 Fed.Appx. 675, 678 (11th Cir.2009) (holding that defendants “did not waive their defense of lack of personal jurisdiction by moving to stay the proceedings”).
*520 Similarly, Defendants’ motion to vacate the default judgment, without more, would not have resulted in a waiver of their personal jurisdiction defense. We have held that a personal jurisdiction defense is not waived when a party makes a special appearance solely to contest personal jurisdiction’s existence. See Calphalon, 228 F.3d at 721 (citing Fed. R.Civ.P. 12(b)(2)). This is so because by appearing solely to contest jurisdiction, a defendant clearly indicates that he is not willing to submit to the district court’s jurisdiction. By the same token, we have held that “defects in personal jurisdiction are not waived by default when a party fails to appear or to respond ... until after the default judgment was entered.” Reynolds v. Int’l Amateur Athletic Fed’n, 23 F.3d 1110, 1121 (6th Cir.1994) (holding that a defendant did not waive his personal jurisdiction defense by moving to vacate a default judgment). Therefore, because moving to vacate a default judgment is not an indication that a defendant is submitting to the jurisdiction of the district court for disposition of a suit’s merits, Defendants did not waive their personal jurisdiction defense by moving to vacate the district court’s entry of a default judgment.
Nevertheless, it is clear that Defendants’ filing of a general appearance with the district court constituted a voluntary acceptance of the district court’s jurisdiction, and therefore, a waiver of Defendants’ personal jurisdiction defense. We have held that “Under [Federal Rule of Civil Procedure] 12(h), a party waives the right to contest personal jurisdiction by failing to raise the issue when making a responsive pleading or a general appearance.” Id. at 1120; accord Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852, 854 (11th Cir.2010) (“A defendant normally ... waives a personal jurisdiction defense if he or she has entered an appearance.”); Ladder Man, Inc. v. Mfr. ’s Distrib. Serv., Inc., No. 99-4217, 2000 WL 1679439, at *2, 2000 U.S.App. LEXIS 27982, at *7 (6th Cir. Oct. 31, 2000) (table). Therefore, Defendants’ attorney’s entry of a general appearance with the district court on behalf of Defendants on October 16, 2006 constituted a waiver of Defendants’ personal jurisdiction defense.
CONCLUSION
Defendants waived their lack of personal jurisdiction defense, and voluntarily submitted to the district court’s jurisdiction, when their attorney entered a general appearance with the district court on their behalf. Accordingly, we REVERSE the decision of the court below, and REMAND the case for further proceedings consistent with this opinion.