NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0899n.06

No. 11-3921

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 15, 2012*

LEONARD GREEN, Clerk

STATE AUTO INSURANCE COMPANY,

    **Plaintiff-Appellee,**

       v.

**THOMAS LANDSCAPING &
CONSTRUCTION, INC.,**

    **Defendant-Appellant.**

**On Appeal from the United
States District Court for the
Southern District of Ohio**

_____/

BEFORE:    GUY and CLAY, Circuit Judges; HOOD, District Judge.[*]

    **DENISE PAGE HOOD, District Judge**. Plaintiff State Auto Insurance Company ("State Auto") filed a Complaint seeking a declaratory judgment that it had no duty to provide coverage in a suit filed against Defendant Thomas Landscaping & Construction, Inc. ("Thomas Landscaping") before the Kenton Circuit Court in Kentucky. Thomas Landscaping appeals the district court's order denying its motion to dismiss and granting State Auto's motion for summary judgment. We affirm in part and reverse and remand in part.

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I.**

Michael D. Roland filed an action claiming faulty workmanship against Thomas Landscaping before the Kenton Circuit Court in Covington, Kentucky in 2008. On August 8, 2009, State Auto filed this declaratory action against Thomas Landscaping before the United States District Court for the Southern District of Ohio. State Auto filed a waiver of service of summons as to Thomas Landscaping on October 5, 2009. The magistrate judge entered an order on April 12, 2010 requiring State Auto to either file an applcation for entry of default or further status report since no Answer had been filed to date. Through its President, Darren Thomas ("Thomas"), Thomas Landscaping filed a pro se Answer on May 26, 2010. The magistrate judge entered an Order on May 30, 2010 advising Thomas that the corporation, Thomas Landscaping, could proceed in litigation only through counsel. The magistrate judge directed Thomas Landscaping to appear at the preliminary pretrial conference through counsel, warning that such failure to appear would result in the entry of a default.

A preliminary pretrial conference was held on June 23, 2010 before the magistrate judge in which counsel for State Auto and Thomas, individually, appeared. Thomas advised the magistrate judge that Thomas Landscaping was represented by counsel but that counsel was unable to attend because counsel was seriously ill. The magistrate judge entered an order rescheduling the pretrial conference, noting that Thomas understood that if counsel did not appear on behalf of Thomas Landscaping, a default will be entered against it.

Thomas Landscaping hired The Moeves Firm, PLLC as trial counsel. However, Patrick E. Moeves was not licensed to practice in the Southern District of Ohio. Moeves indicated to Thomas

that co-counsel, Michael Schulte, would be hired to represent Thomas Landscaping before the Southern District of Ohio. Thomas Landscaping paid The Moeves Firm a retainer fee of $2,300.00 and $450.00 for filing and pro hac vice fees.

On July 22, 2010, a preliminary pretrial conference was held where all parties appeared with counsel. Moeves and Schulte represented Thomas Landscaping at the conference. Moeves advised the magistrate judge that pro hac vice admission would be requested. The magistrate judge entered an order on July 22, 2010 noting that counsel for Thomas Landscaping would promptly move for leave to appear pro hac vice and that seven days after the grant of the anticipated motion for leave to appear pro hac vice, Thomas Landscaping would file its Answer. The magistrate judge noted in its July 22, 2010 order that the court had personal jurisdiction over the parties and that venue was proper. The order required discovery to be completed by January 31, 2011 and cross-motions for summary judgment filed by February 28, 2011.

State Auto timely filed its summary judgment motion on February 28, 2011. On March 24, 2011, the magistrate judge entered an order to show cause directing Thomas Landscaping to respond by April 11, 2011 why default should not be entered or why the motion for summary judgment should not be granted. The magistrate judge noted that no appearance had been made on behalf of the defendant corporation and no request for leave to appear pro hac vice had been filed by the attorney who participated at the Rule 16 conference. The magistrate judge warned that State Auto's failure to respond to the order, through counsel admitted to practice before the court, would result in either the entry of defendant's default or the grant of plaintiff's motion for summary judgment.

On April 11, 2011, an appearance for counsel on behalf of Thomas Landscaping was filed, along with a Motion to Dismiss for lack of personal jurisdiction and improper venue and a response to the Order to Show Cause. State Auto filed a combined response to the Motion to Dismiss and to the response to the Order to Show Cause. Thomas Landscaping filed replies to State Auto's combined response.

The district court entered an opinion and order on August 9, 2011 denying Thomas Landscaping's Motion to Dismiss for lack of personal jurisdiction and improper venue and granting State Auto's Motion for Summary Judgment. The district court noted that Thomas Landscaping retained The Moeves Firm as counsel in July 2010, but that because no one at the firm was admitted to practice in the Southern District of Ohio, the firm advised Thomas that outside co-counsel admitted to practice in the district must be retained. The district court acknowledged that Thomas paid the retainer fee associated with hiring outside co-counsel, along with $450.00 to cover filing fees and costs for the pro hac vice request.

The district court indicated that Schulte, the outside counsel Thomas thought was retained by The Moeves Firm to represent Thomas Landscaping, claimed he never received the retainer fee from The Moeves Firm. The district court noted that Schulte did not take any further action to represent Thomas Landscaping, other than attending the pre-trial conference. The district court stated that on November 24, 2010, Moeves, a partner with The Moeves Firm, was arrested on fraud charges. The district court found that The Moeves Firm returned the legal file to Thomas in December 2010. The district court noted that Thomas continued to believe that Thomas

Landscaping was represented by co-counsel Schulte, despite Moeves' arrest. It was not until March 2011 that Thomas learned Schulte never received the retainer from The Moeves Firm and did not perform any work on behalf of Thomas Landscaping. The district court then noted that Thomas retained Garvey Shearer, PSC as counsel on April 28, 2011. Shearer thereafter filed the Motion to Dismiss and the response to the show cause order.

The district court denied Thomas Landscaping's Motion to Dismiss, finding that it waived its personal jurisdiction and improper venue defenses. The district court then granted State Auto's Motion for Summary Judgment on the merits. This appeal followed.

Jurisdiction is proper under 28 U.S.C. §§ 1332, 2201. Thomas Landscaping timely filed a notice of appeal and this court has appellate jurisdiction over final orders under 28 U.S.C. § 1291.

**II.**

**A.    Standard of Review**

On appeal, a district court's denial of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is reviewed *de novo*. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). A defendant who has waived service must move to dismiss for lack of personal jurisdiction within sixty days of the waiver. Fed. R. Civ. P. 12(a)(1)(A)(ii). Personal jurisdiction flowing from the Due Process Clause may be waived either explicitly or implicitly. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006). In deciding whether defendant waived the personal jurisdiction defense, we must determine whether any of the defendant's appearances and filings in the district

court constitute "legal submission to the jurisdiction of the court." *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) (internal quotation and citation omitted). Only those submissions, appearances, and filings that give a plaintiff reasonable expectation that a defendant will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking, result in waiver of a personal jurisdiction defense. *Id*. The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not. *Id*. The voluntary use of certain district court procedures may serve as constructive consent to the personal jurisdiction of the district court. *Id*. The Rules of Civil Procedure reflect this notion of waiver. Personal jurisdiction may be waived under Rule 12(h) of the Rules of Civil Procedure if not raised by a motion prior to pleading or included in a responsive pleading. Fed. R. Civ. P. Rules 12(h)(1)(B) and 12(b)(2).

**B.    Waiver**

Thomas Landscaping argues on appeal that it did not waive its lack of personal jurisdiction defense because its first appearance on the record was when its current counsel filed an appearance and a Motion to Dismiss in response to the Order to Show Cause issued by the magistrate judge for failure to respond to the summary judgment motion. Thomas Landscaping asserts that the district court erred in relying on its pro se Answer in concluding that it failed to raise a personal jurisdiction defense since the Answer was stricken by the magistrate judge. Thomas Landscaping claims that it should not be bound by the actions of The Moeves Firm because the firm did not pay co-counsel

Schulte the retainer fee, which resulted in Schulte not taking any further action to represent Thomas Landscaping.

The district court record reflects that other than Thomas Landscaping's pro se Answer, the only filings on the record on its behalf were filed by counsel retained after the magistrate judge issued a show cause order in March 2011. No written appearance was filed on behalf of Thomas Landscaping after the magistrate judge held the July 22, 2010 pretrial conference. At that conference, Thomas Landscaping's co-counsel, Schulte, indicated to the court and State Auto's counsel that he would be filing a pro hac vice motion and that neither personal jurisdiction nor venue were being challenged. The magistrate judge entered the order reflecting its understanding of the parties' representations at the conference.

We find that Thomas Landscaping waived its personal jurisdiction and venue defenses. The Answer was not stricken. The magistrate judge's May 30, 2010 order regarding the Answer merely notes there was no actual signature. After the pre-trial conference where counsel for Thomas Landscaping appeared, Thomas Landscaping was given the opportunity to file an Answer after the grant of the anticipated motion for leave to appear pro hac vice.

It is settled law that a corporation must appear in federal court through licensed counsel. *Rowland v. Cal. Men's Colony, Unit 11 Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Doherty v. Amer. Motors Corp.*, 728 F.3d 334, 340 (1984). Courts have held that a pleading by a corporation that is not signed by an attorney is treated as unsigned for Rule 11(a) purposes and may be stricken unless the omission is corrected promptly after being called to the attention of the

attorney or party. *See White v. Smith, Dean & Assoc., Inc.*, 2010 WL 795967, at *2 (S.D. Ohio Mar. 10, 2010)(unpublished); Fed. R. Civ. P. 11(a).

On more than one occasion below, the omission was brought to Thomas Landscaping's attention. Counsel appeared on behalf of Thomas Landscaping at the pre-trial conference, and he indicated to the magistrate judge that a pro hac vice motion would be filed and that an Answer would thereafter be filed. Counsel fully participated at the conference, representing that neither personal jurisdiction nor venue would be challenged and agreed to the issuance of dates governing the matter. The magistrate judge entered an order reflecting Thomas Landscaping's counsel's representations to the court and opposing counsel. These representations gave State Auto and the district court a reasonable expectation that Thomas Landscaping would defend the suit on the merits. The magistrate judge proceeded to issue a scheduling order governing the matter.

Thomas Landscaping is now attempting to use The Moeves Firm's and co-counsel Schulte's failure to abide by the magistrate judge's order and the district court's local rule regarding pro hac vice appearances as a sword. Thomas Landscaping argues that it was the district court that erred by not following the court's own rules regarding pro hac vice appearances. The district court did not err in relying on an Answer, albeit unsigned by counsel, for its finding that Thomas Landscaping failed to assert its personal jurisdiction defense in its original Answer. In addition to this finding, the district court determined Thomas Landscaping was bound by its counsel's representations that personal jurisdiction and venue were not being challenged. The district court did not err in its opinion that Thomas Landscaping waived its personal jurisdiction and improper venue defenses.

### C.    Actions by Former Counsel

Thomas Landscaping asserts that it should not be bound by counsel's failure to forward the retainer fee to co-counsel Schulte, as evidenced by the criminal charges brought against the partner at The Moeves Firm.

Since the client voluntarily chose counsel as his representative in the action, the Supreme Court stated he cannot later avoid the consequences of the acts or omissions of the party's freely selected agent. *Link v. Wabash R.R.*, 370 U.S. 626, 633–34 (1962). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id*. (quoting *Smith v. Ayer,* 101 U.S. 320, 326 (1879)). Keeping the suit alive merely because a party should not be penalized for the omissions of a party's attorney would be visiting the sins of the lawyer upon opposing party. *Id*. at 634 n.10. If counsel's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. *Id*.

The district court acknowledged that the partner at The Moeves Firm was arrested on fraud allegations and that Thomas Landscaping took active steps to engage new counsel. The district court found that after it received the file from The Moeves Firm in December 2010, Thomas Landscaping waited four months to inquire whether co-counsel continued to represent Thomas Landscaping. We find that the district court did not err in concluding that Thomas Landscaping was not totally

blameless for waiting four months to determine whether it was represented by counsel and that it was bound by his counsel's actions.

As the district court noted, it can be unduly harsh at times to apply the lawyer-agent's role in litigation. However, the district court stated it was considering a less severe sanction than complete dismissal of the case by determining that Thomas Landscaping waived a defense. The district court denied the Motion to Dismiss, finding that Thomas Landscaping waived its personal jurisdiction and improper venue defenses. Thomas Landscaping's arguments raised in its Motion to Dismiss based on lack of personal jurisdiction and venue defenses were reasonable, although found erroneous by the district court. The appearance of new counsel on behalf of Thomas Landscaping cured the defect of no counsel appearing on behalf of the corporation. However, without allowing Thomas Landscaping the opportunity to defend the case on the merits, as requested by new counsel in its response to the Order to Show Cause, the district court ruled on the merits by granting the summary judgment motion filed by State Auto.

Former counsel's violations of the rules can be addressed by the imposition of lesser sanctions, including the opportunity for new counsel to respond to the summary judgment motion. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (explaining review for abuse of discretion a district court's decision to amend its scheduling order to allow a late filing); *In the Matter of Fleischer*, No. 92-2220, 1993 WL 337741, at *6 (6th Cir. Aug. 31, 1993) (unpublished). Having denied Thomas Landscaping's Motion to Dismiss for lack of personal jurisdiction and improper venue, it was an abuse of discretion not to afford Thomas Landscaping, through new

counsel, an opportunity to respond to the summary judgment motion. New counsel requested the opportunity to litigate on the merits the summary judgment motion if the district court were to deny Thomas Landscaping's Motion to Dismiss. The district court did not address this request in its opinion and did not give new counsel the opportunity to respond to the summary judgment motion.

**III.**

We AFFIRM the district court's finding that Thomas Landscaping waived its defenses of personal jurisdiction and venue, but REVERSE the district court's order granting summary judgment. We REMAND for further proceedings in accordance with this opinion.