MERRITT, Circuit Judge.
After two decades of litigation and many futile attempts to enforce judgments against the named defendant, plaintiff M & C Corporation now seeks to reach nonparty respondents Deutsche Bank AG (“Deutsche”), Jens Schmelt, and Jan Hoet-zel. Deutsche is a German corporation, Schmelt is a German resident, and Hoetzel is a resident of Michigan. Specifically, M & C attempts to hold the respondents in contempt for their alleged role in selling the assets of defendant Erwin Behr GmbH & Company, KG (“Behr”), a German corporation, assets that included Behr Industries Corporation (“Behr Industries”), a former Behr subsidiary based in Michigan. The district court dismissed the contempt proceedings against Deutsche and Schmelt on the primary rationale that it lacked personal jurisdiction. For the reasons explained below, we hold that the district court had personal jurisdiction. However, because M & C has failed to prove contempt on the merits, we affirm the district court’s dismissal of Deutsche, Schmelt, and Hoetzel.
I. Background
This litigation has a history of Dickensian proportions. It has engendered five previous appeals to this court, none of which is immediately relevant to the questions we must answer in this case. Facts important to the current appeal are summarized below. For a more complete description of the central dispute between M & C and Behr, see our opinion in the fifth appeal. M & C Corp. v. Erwin Behr GmbH and Co., KG, 289 Fed.Appx. 927, 929-31 (6th Cir.2008) (“Behr V”).
In 1991, M & C sued Behr in the District Court for the Eastern District of Michigan. It claimed that Behr breached a 1985 contract under which M & C was to be Behr’s exclusive agent for the sale of wood paneling for luxury cars. The proceeding shifted to an international arbitrator, who in 1994 ordered Behr to pay future commissions to M & C. The district court upheld the arbitrator’s decision, and *500 we affirmed. 87 F.3d 844 (6th Cir.1996). Behr did not comply, and in 1996 the district court held Behr in contempt and appointed a receiver over its holdings. The court also enjoined Behr and “its officers, agents, servants, employees, attorneys and those individuals or entities acting in concert or participation with them” from disposing of any of Behr’s assets. App. of Non-ECF Docs, at 115.
In 2005, Behr sold to a private equity firm some of its assets, including Behr Industries, a subsidiary based in Grand Rapids, Michigan. Behr provided no notice to M & C, the receiver, the arbitrator, or the district court. Behr itself declared bankruptcy and changed its name to “Alpha-200 GmbH & Company, KG.”
The district court held Behr in contempt for selling its assets in contravention of the 1996 injunction, a decision we affirmed. Behr V, 289 Fed.Appx. at 935-36. Several months after the district court issued its contempt order, M & C sought a separate show-cause order against nonparties it alleged to have violated the injunction through the sale of Behr’s assets, including Deutsche and Schmelt. The magistrate judge denied the motion because “[t]he question whether the Court could obtain personal jurisdiction over these non-parties and enforce any subsequent orders upon them is a fundamental concern that Plaintiff has not adequately addressed.” R. 626, Report and Recommendation at 9. In December 2007, the district court adopted the magistrate’s report in a modified form. It permitted M & C to file an updated list of nonparty respondents against which contempt should issue, and stated that the list “shall give clear and convincing evidence of the violations of the Court’s orders for each nonparty that support[s] the issuance of orders to show cause for contempt.” R. 652, Order at 6-7.
In May 2010, M & C filed a motion once again naming Deutsche and Schmelt, among others, as nonparties in contempt of court. The motion named Hoetzel as a contemnor for the first time. M & C alleged that Deutsche, as Behr’s creditor, compelled Behr to transfer its assets to Schmelt, who in turn acted as trustee and sold the assets. It also alleged that Hoet-zel was among several Behr officers who arranged the sale. M & C did not attach exhibits in support of these allegations. In July 2010, the district court ordered the nonparty respondents to appear in court to show cause why they should not be held in contempt. M & C subsequently filed a motion to quash all discovery, arguing that contempt motions “are summary in nature, and not some form of ‘trial’ with the panoply of pretrial proceedings.” R. 751, Mot. to Quash and/or Suspend Disc, at 2. Five weeks before the hearing, the district court issued an order stating that no live testimony would be permitted at the hearing and that “the parties may attach, as appendices to their briefs, any affidavits or other documentary evidence needed to support the legal argument.” R. 764, Order Denying Mot. at 2. M & C did not submit documentary evidence in response to the district court’s order. Instead, it appeared at the hearing with several binders of evidence that it claimed would support its case. See R. 786, Tr. of Mot. Hr’g at 52-53, 60-61.
After the hearing, the district court declined to impose sanctions against Deutsche, Schmelt, or Hoetzel. It based its ruling as to Deutsche and Schmelt entirely on a lack of personal jurisdiction. It found no general jurisdiction because Schmelt only rarely visited the United States and because Deutsche had no Michigan offices. Relying on Reebok International Limited v. McLaughlin, 49 F.3d 1387 (9th Cir.1995), and an expert witness’s evaluation of German law, the dis *501 trict court found no specific jurisdiction, primarily because German law would refuse to enforce the district court’s 1996 injunction. As for Hoetzel, the district court found he was unable to pay and that entering sanctions against him would not aid in enforcement of the 1996 injunction.[1]
M & C moved for reconsideration. The district court declined to reverse its previous ruling on personal jurisdiction. The court also ruled, for the first time, that M & C had failed to bring clear and convincing evidence of the respondents’ contempt.
M & C now appeals the district court’s denial of its motion to reconsider. This order is final within the meaning of 28 U.S.C. § 1291. See Sanders v. Monsanto Co., 574 F.2d 198, 199 (5th Cir.1978) (“[I]f a motion for civil contempt is denied after the entry of the judgment which was the subject of the contempt, the denial is final and reviewable because no further district court action is necessary to give life to the denial.”).
II. Personal Jurisdiction
Supreme Court precedent commands that we first address whether the district court had personal jurisdiction over Deutsche and Schmelt. Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Personal jurisdiction over Hoetzel is not at issue because he is a Michigan resident. We review de novo a court’s dismissal for lack of personal jurisdiction. See Conn v. Zakharov, 667 F.3d 705, 711 (6th Cir.2012). Each side spends much of its briefing on this issue, particularly in examining whether Reebok International Limited v. McLaughlin, 49 F.3d 1387 (9th Cir.1995), requires a federal court to find jurisdiction lacking when a contempt order would be unenforceable in the nonparty’s country of residence. This briefing, while helpful in framing the issue, is ultimately superfluous in light of Gerber v. Riordan, 649 F.3d 514 (6th Cir.2011), a case requiring courts in the Sixth Circuit to exercise personal jurisdiction whenever a defendant’s attorney enters a general appearance.
In Gerber, the defendants submitted a pro se motion to dismiss for lack of personal jurisdiction. The district court compelled the defendants to retain an attorney, who entered a general appearance. After an interim of two and a half years, during which the parties filed numerous pretrial motions, the defendants filed another motion to dismiss for lack of personal jurisdiction, which the district court granted. We reversed. Rather than finding that the defendants waived personal jurisdiction by participating in the litigation for two and a half years without raising it, we instead held that they waived it by virtue of the general appearance. Gerber, 649 F.3d at 520 (“Defendants’ filing of a general appearance with the district court constituted a voluntary acceptance of the district court’s jurisdiction, and therefore, a waiver of Defendants’ personal jurisdiction defense.”).
The same result is required here. Deutsche’s first filing in response to the district court’s show-cause order was a general appearance entered by its counsel on September 21, 2010.[2] Schmelt’s first filings were general appearances by his *502 two attorneys on November 12, 2010.[3] These filings are nearly identical to the document held to waive personal jurisdiction in Gerber,[4] This case does admit of some distinctions from Gerber. Most notably, the respondents are foreign nonparties rather than defendants to the suit, and the district court compelled the respondents to appear in order to show cause why it should not hold them in contempt. However, these distinctions are ultimately an insufficient basis to depart from Gerber’s rule. Indeed, in Gerber the district court’s order compelling the attorney’s participation did not deter us from finding that the attorney’s general appearance waived personal jurisdiction. Because Gerber is directly on point and because a “panel of this Court cannot overrule the decision of another panel,” Deutsche and Schmelt waived personal jurisdiction when their attorneys entered general appearances. Salmi v. Sec’y of Health and Human Servs., 774 F.2d 685, 689 (6th Cir.1985).
III. Merits of M & C’s Contempt Claim
We next address M & C’s argument that Deutsche, Schmelt, and Hoetzel should be held in contempt for their role in liquidating Behr. When a district court orders or denies a contempt citation based on a violation of the court’s injunction, we review its decision for abuse of discretion. See NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 590 (6th Cir.1987).
An analysis of whether a district court has authority to hold nonparties in contempt for violating its injunction must begin with Federal Rule of Civil Procedure 65(d)(2). The Rule provides three categories of persons that an injunction may bind. The first, of course, is the parties themselves. Fed.R.Civ.P. 65(d)(2)(A). The second is the parties’ officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65(d)(2)(B). The third is “persons who are in active concert or participation” with a party or its officers, agents, servants, employees, or attorneys. Fed. R.Civ.P. 65(d)(2)(C). The party seeking contempt sanctions bears the threshold burden of placing its target within one of these categories. Moreover, where a party seeks to hold nonparties in civil contempt, it must also show that the nonparties are “aware of the injunction and know that their acts violate the injunction.” Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 154 F.3d 1345, 1353 (Fed.Cir.1998) (citing Waffenschmidt v. MacKay, 763 F.2d 711 (5th Cir.1985)). Taking these rules together, a party seeking contempt sanctions against a nonparty must prove that the nonparty knew of the injunction and knowingly aided and abetted an enjoined party or its agents to violate the injunction. This showing must be made by clear and convincing evidence. Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary’s Elec. Serv. Co., 340 F.3d 373, 379 (6th Cir.2003).
It is readily apparent that M & C has failed to meet these standards. The district court structured the presentation of proof in a very definite fashion. After M & C first asked for sanctions, the district court’s December 2007 order required *503 M & C to submit clear and convincing evidence alongside any subsequent prayer for contempt. When M & C returned to ask for contempt sanctions in 2010, information in its motion tending to satisfy the nonparty contempt standards was limited to bare allegations that were similar to those found in the earlier, deficient motion. Apparently the district court excused M & C from failing to satisfy its 2007 order and required the respondents to show cause. In its prehearing order, the district court announced that no live testimony would be heard, but that the parties could submit, as appendices to their briefs, documentary evidence in support of their arguments. M & C submitted no documentary evidence, but instead appeared at the hearing with a number of binders that it claimed to prove the respondents’ contempt. It was well within the district court’s discretion to reject a presentation of evidence that disobeyed its previous order. And having no evidentiary basis for a contempt finding, the district court was correct to dismiss M & C’s claim on the merits.
M & C attempts to compensate for its failing by attacking the district court’s procedures as “at complete odds with law.” Reply Br. at 7. M & C argues that it was legally entitled to a contempt hearing at which it was permitted to take live testimony, present evidence, and conduct pre-hearing discovery. For this argument it cites the Benchbookfor U.S. District Court Judges and Sanders v. Monsanto Company, 574 F.2d 198 (5th Cir.1978).
The Benchbook is not binding authority and does not convince us that the district court’s procedures were an abuse of discretion. M & C’s citation to Sanders is somewhat more persuasive. That case held that a civil contempt proceeding is of the nature of a trial rather than a motion hearing, and that a full evidentiary hearing is required. Sanders, 574 F.2d at 199-200. At least one other circuit agrees with this approach. See Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 495 (9th Cir.1983). The Sixth Circuit does not appear to have definitively addressed the question. See Kendrick v. Bland, 845 F.2d 826 (6th Cir.1988) (unpublished) (summarily holding that Fed.R.Civ.P. 43 did not require the district court to hold a hearing on a motion for civil contempt).
Even were we to accept, as a general proposition of law, that a claim of civil contempt requires a full-blown trial, we would not require that the district court hold one here. Not only did M & C fail to object to the district court’s procedures until appeal; it sought to deny discovery to the respondents because it considered a contempt hearing to be “summary in nature, and not some form of ‘trial’ with the panoply of pretrial proceedings.” R. 751, Mot. to Quash and/or Suspend Disc, at 2. Fundamental fairness prevents us from giving to M & C what it sought to deny its opponents.
The district court did not abuse its discretion by dismissing the respondents for lack of evidence showing them in contempt. The district court’s order also applied to another respondent, Dietmar Klaube. Klaube did not respond to M & C’s appellate brief. Because our conclusion applies equally to him, he will also be dismissed from the proceedings.
Though the district court had personal jurisdiction over Deutsche and Schmelt by virtue of their attorneys’ general appearances, M & C did not make a proper showing that the respondents were in contempt of the district court’s 1996 injunction. As far as Deutsche, Schmelt, and Hoetzel are concerned, this case has come to an end. Accordingly, the judgment of the district court dismissing the contempt proceeding is affirmed.

. The court denied sanctions against two additional nonparty respondents for failure of service. It granted sanctions against other nonparties that failed to respond, as well as against Behr itself. These rulings are not before us in this appeal.

. This document reads, "Please take notice that Morley Witus of BARRIS, SOTT, DENN & DRIKER, PLLC, hereby enters his Appearance as co-counsel on behalf of Deutsche Bank AG in the above-captioned matter.” R. 745.

. The first attorney’s filing reads, "Please enter the appearance of the undersigned as attorneys for JENS SCHMELT in the within cause." R. 756. The second attorney's filing reads verbatim. R. 757.

. The document held to waive personal jurisdiction in Gerber read only this: "Now comes Richard M. Kerger and enters his appearances as counsel for defendants, James C. Riordan and Seven Locks Press Corp. in this matter.” See Gerber, 649 F.3d at 524 (Moore, J., concurring).