*504 KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
The majority opinion applies a principle it derives from Gerber v. Riordan, 649 F.3d 514 (6th Cir.2011), to conclude that the filing of notices of appearance by the attorneys for Schmelt and Deutsche Bank resulted in a waiver of Schmelt’s and Deutsche Bank’s personal-jurisdiction defenses. To the extent that Gerber supports this conclusion, I continue to believe that the case was wrongly decided for the reasons stated in my concurrence in Gerber, 649 F.3d at 520-25 (Moore, J., concurring). A one-sentence filing that “does nothing more than give notice of the identity of the [nonparty respondents’] counsel of record,” id. at 524, was not sufficient to give M & C a reasonable expectation that Schmelt and Deutsche Bank would defend the case on the merits. See id. at 519; Swanson v. City of Hammond, 411 Fed. Appx. 913, 915 (7th Cir.2011); United States v. 51 Pieces of Real Prop., Roswell, N.M., 17 F.3d 1306, 1314 (10th Cir.1994) (holding that making an initial appearance was not sufficient to waive a personal-jurisdiction defense).
I also do not agree that this panel is bound to follow such a rule, because published decisions of this Court before Gerber have held that the filing of a notice of appearance is insufficient to waive a personal-jurisdiction defense. See King v. Taylor, 694 F.3d 650, 661 n. 7 (6th Cir. 2012) (“The written appearance filed by Taylor’s counsel ... does not constitute forfeiture. See Friedman v. Estate of Presser, 929 F.2d 1151, 1157 n. 7 (6th Cir.1991).... Insofar as some of our more recent cases might suggest otherwise, see, e.g., Gerber, 649 F.3d at 520, they must yield to Friedman.”). We should follow the pre-Gerber authority, because the earlier of two conflicting published panel decisions is controlling. See Darrah v. City of Oak Park, 255 F.3d 301, 309 (6th Cir.2001). Further, to the extent that the Gerber principle cited by the majority relies on a distinction between special and general appearances, this distinction was abolished by Federal Rule of Civil Procedure 12. See Cnty. Sec. Agency v. Ohio Dep’t of Commerce, 296 F.3d 477, 483 (6th Cir.2002) (“In order to object to a court’s exercise of personal jurisdiction, it is no longer necessary to enter a ‘special appearance.’ ”); Haile v. Henderson Nat’l Bank, 657 F.2d 816, 820 n. 4 (6th Cir.1981) (“We note that a ‘special appearance’ to challenge jurisdiction is no longer necessary under the Federal Rules. A defendant must attack the validity of service of process pursuant to Rule 12(b).”); Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (3d Cir.1944) (“Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances.”). Thus, I do not agree that the filing of notices of appearance by counsel for Deutsche Bank and Schmelt is dispositive regarding the question of waiver of the personal-jurisdiction defenses.
I would nonetheless hold that Deutsche Bank waived its personal-jurisdiction defense, using a different rationale than the majority. Namely, Deutsche Bank waived its personal-jurisdiction defense by not raising the defense in its first responsive pleading, when it failed to mention personal jurisdiction in its response to the show-cause order. See R. 770 (Deutsche Bank Resp. to Mot. for Judgment of Civil Contempt) (Page ID # 5630). This filing presents legal arguments relating only to the merits of whether Deutsche Bank should be held in contempt for violating the 1996 injunction. Because Deutsche Bank failed to raise its personal-jurisdiction defense in its “ ‘first defensive move,’ ” it waived the defense. Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 701 (6th Cir.1978) *505 (quoting 5C WRight & Miller, Federal PractiCe & Procedure: Civil § 1391 at 855 (1969)); see Taubman Co. v. Webfeats, 319 F.3d 770, 773 (6th Cir.2003) (“[A] challenge to personal jurisdiction must be raised in the first responsive pleading or be waived.”).
Sehmelt, in contrast, raised a personal-jurisdiction defense in his response to the show-cause order. See R. 768 (Sehmelt Resp. to Order to Show Cause at 8) (Page ID # 5576). In assessing whether Sehmelt subsequently waived this personal-jurisdiction defense through his conduct in the litigation, I would ask whether Sehmelt gave M & C “‘a reasonable expectation that [he] w[ould] defend the suit on the merits.’ ” Gerber, 649 F.3d at 519 (quoting Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir.2010)); see also King, 694 F.3d at 659 (applying the same test). Although Sehmelt pursued some discovery prior to the hearing on the show-cause order, making various discovery requests and serving subpoenas, when Sehmelt filed a Motion to Compel Discovery, he continued to assert that the district court lacked jurisdiction over him. See R. 773 (Schmelt Mot. to Compel at 4) (Page ID # 5720). Although in some circumstances a party may waive a personal-jurisdiction defense through conduct even after timely asserting the defense, I would find that Schmelt’s conduct did not rise to the level of waiver in this case. See Lechoslaw v. Bank of Am., N.A., 618 F.3d 49, 55-56 (1st Cir.2010) (holding that the district court did not abuse its discretion in finding no waiver of a personal-jurisdiction defense, even when the defendant made and responded to discovery requests and participated in some motion practice); 5C Wright & Miller, Federal Praotioe & Procedure: Civil § 1391 (3d ed. 2012) (“Courts have continued to maintain that if the defendant has properly raised a defense by motion or in the answer, even though the defendant participates in the litigation on the merits, the defense still can be preserved and reasserted later in the action.”).
The cases in which waiver through conduct has been found often involved prolonged and intentional delay in seeking a resolution of the personal-jurisdiction defense and sustained participation in the merits without continual reassertion of the defense. See, e.g., King, 694 F.3d at 660 (holding that defendant waived his personal-jurisdiction defense where he “participated extensively in the litigation for over a year,” including “[vjoluntarily participating in full discovery on the merits”); Rauch, 576 F.2d at 702 (holding that the district court erred in dismissing the action for lack of personal jurisdiction when the defendants participated in extended discovery and filed a motion to dismiss based on the statute of limitations, among other conduct); Cont’l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir.1993) (finding waiver after “defendants fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction”).
Unlike in the cases where waiver was found, Schmelt’s filings with the district court consistently reasserted the personal-jurisdiction objection. R. 773 (Sehmelt Mot. to Compel at 4) (Page ID # 5720); R. 787 (Sehmelt Resp. to Mot. to Refer Proceedings to Mediation) (Page ID # 5952) (adopting rationale of Dietmar Klaube’s response that the matter should not be referred to mediation because the district court did not have jurisdiction to compel mediation); see Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir.1990) (explaining that a defense of lack of personal jurisdiction is waived where a defendant’s “conduct did not reflect a continuing objection to the power of the court to act over the defen *506 dant’s person” (emphasis added) (internal quotation marks omitted)). Schmelt also did not delay seeking a ruling on the personal-jurisdiction defense. Schmelt’s Motion to Compel Discovery did not give M & C a reasonable expectation that Schmelt would defend the suit on the merits, see Gerber, 649 F.3d at 519, but rather expressly stated that Schmelt was requesting that the district court grant him relief regarding his discovery requests and subpoena only “if the Court does not order an outright dismissal of Plaintiffs contempt claim against Schmelt” on jurisdictional grounds. See R. 773 (Schmelt Mot. to Compel at 4-5) (Page ID # 5720-21). I would hold that Schmelt’s conduct in the litigation, including his continual assertions that the district court lacked personal jurisdiction, did not constitute waiver. See, e.g., Mobile, 623 F.3d at 443 (holding that the defendant did not waive a personal-jurisdiction defense even though it had filed a motion with the district court asking for expedited discovery, and stating that, “[fjaced with an impending preliminary injunction hearing ... Mobile/Houston had the right to ask for more time to learn who was suing it and why without losing its right to object to personal jurisdiction”). Thus, I would reach the merits of whether the district court had personal jurisdiction over Schmelt.
My disagreement with the majority’s personal-jurisdiction-waiver analysis notwithstanding, I agree that M & C failed to meet its burden to show that the nonparty respondents should be held in contempt for violating the 1996 injunction. Accordingly, I concur in the judgment.