**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0533n.06

No. 13-3674

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
*Jul 21, 2014*
DEBORAH S. HUNT, Clerk

LEXON INSURANCE COMPANY,              )
                                      )
    Plaintiff-Appellant,              )
                                      )    ON APPEAL FROM THE UNITED
v.                                    )    STATES DISTRICT COURT FOR
                                      )    THE SOUTHERN DISTRICT OF
DEVINSHIRE LAND DEVELOPMENT, LLC,     )    OHIO
                                      )
    Defendant-Appellee.               )
_____ )

BEFORE: ROGERS and COOK, Circuit Judges; MURPHY, District Judge[*]

PER CURIAM.  Lexon Insurance Company ("Lexon") appeals the dismissal of a breach of

contract claim against Devinshire Land Development, LLC ("Devinshire") for lack of specific

personal jurisdiction.[1]  For the following reasons, we reverse and remand for further proceedings.

Devinshire is a real estate development company that sought to develop a residential golf

community named Queens Gap in Rutherford County, North Carolina.  At the time development

began, Devinshire was organized as a limited liability under North Carolina law but owned by a

limited liability company organized in Ohio, which in turn, was managed by Ohio resident Devin

McCarthy.

---

[*] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] Devinshire has not appeared or filed a brief in this court.

As part of the development process, Devinshire entered into two performance agreements with Rutherford County that required it to reach construction milestones by specified dates. The performance agreements also obligated Devinshire to secure its obligations with performance bonds. Through the Ohio-based Thomas-Fenner-Woods Agency, Devinshire obtained seven such bonds from Lexon, a Texas corporation with its principal place of business in Tennessee. For each bond, Lexon was the surety, Devinshire was the principal, and Rutherford County was the obligee.

In connection with these bonds, McCarthy executed two general indemnity agreements. He signed in three capacities: in his individual capacity, in his capacity as manager for Devinshire, and in his capacity as a co-trustee of the Devin F. McCarthy Revocable Trust. The two indemnity agreements obligated the signatories to pay all premiums and charges associated with the bonds and to indemnify Lexon for bond-related liabilities.

In May 2009, Devinshire and related development companies were sold to Queens Gap Acquisition, a Delaware limited liability company. Devinshire then failed to pay bond invoices and missed construction milestones. Rutherford County, therefore, informed Devinshire that it was in default, and Lexon sued Devinshire in Ohio to enforce the indemnity agreements.[2]

The district court, however, determined that Devinshire was not subject to specific personal jurisdiction in Ohio because Lexon did not purchase the bonds from an Ohio-based insurance company and, thus, did not have the contacts necessary to satisfy Ohio's long-arm statute. We review a district court's dismissal for lack of personal jurisdiction de novo. *Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011).

---

[2] Lexon also sued other indemnitors, who in turn, brought crossclaims, counterclaims, and third-party claims. Though some involve Devinshire and its owners, these claims are not relevant to the appeal.

When a party seeks to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). Because the district court did not conduct an evidentiary hearing, Lexon need only make a prima facie showing of jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Lexon can meet this burden by "establishing with reasonable particularity sufficient contacts between [Devinshire] and the forum state to support jurisdiction." *Id.* (quoting *Provident Nat'l Bank v. California Fed. Sav. Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). We must consider the pleadings and affidavits in a light most favorable to the plaintiff. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Nevertheless, as is the case here, the proposition that the showing must only be prima facie "loses some of its significance . . . where . . . the plaintiff has received all of the discovery it sought with respect to personal jurisdiction and there does not appear to be any real dispute over the facts relating to jurisdiction." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).

"It is clear under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012). Ohio's long-arm statute provides, in relevant part, for personal jurisdiction over a person "who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this state." Ohio Rev. Code § 2307.382(A). While the Ohio courts interpret the "transacting business" prong broadly to "permit jurisdiction over nonresident defendants who are transacting any business in Ohio," *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E. 2d 477, 480 (Ohio 1990), the

Ohio long-arm statute requires a "proximate cause" relationship between the defendant's act and the plaintiff's cause of action. *Brunner v. Hampson*, 441 F.3d 457, 465-66 (6th Cir. 2006). A mere "but-for" connection is insufficient. *Id.* As a result, we have determined that the Ohio long-arm statute's "arising from" prong has less reach than the Due Process Clause, and, thus, due process need not be considered. *Id.*

The district court interpreted this test too narrowly when it concluded that Lexon's claims do not arise from the purchase of the bonds from TFW in Ohio. Although Lexon's breach of contract claims stem most immediately from Devinshire's failure to pay the bond premiums, the procurement of the bonds in Ohio was nevertheless a proximate cause of Lexon's injury. Lexon's cause of action arises from the larger construction deal, which was made possible by the furnishing of the progress bonds in Ohio. In addition, Lexon conducted business in Ohio by entering into the indemnity agreement in the state. McCarthy, the sole officer of Devinshire, presumably executed the agreement on behalf of Devinshire while he resided in Ohio and worked there. The lawsuit arose out of that indemnity agreement.

Therefore, we conclude there is personal jurisdiction over Devinshire in Ohio. The district court's order is accordingly reversed, and the matter is remanded for further proceedings.