LYONS, Special Justice
(concurring specially in case no. 1130184).
Rule 12(b), Ala. R. Civ. P., expressly authorizes a defendant to assert a defense of lack of jurisdiction over the person in its answer, as opposed to doing so by motion filed pursuant to Rule 12(b)(2), Ala. R. Civ. P. Although a subsequent motion under Rule 12(b)(2) is not the proper vehicle when the defense has previously been asserted in an answer, the command in Rule 1(c), Ala. R. Civ. P., for construction of the Rules of Civil Procedure to secure the just determination of every action requires treatment of a motion under Rule 12(b)(2) as a motion for a preliminary hearing pursuant to Rule 12(d), Ala. R. Civ. P. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 n. 8. (3d ed.2004), for a similar construction of the applicable federal rule.
As Justice Murdock notes in his dissenting opinion, the defendants initially set forth the defense of lack of jurisdiction over the person in an answer filed on December 21, 2012, and the defense was referred to in the defendants’ motion to compel arbitration filed on January 2, 2013. The defendants there stated that they intended to file a motion seeking dismissal based on the absence of personal *1203 jurisdiction and that arbitration was being sought only in the event the court denied their forthcoming motions to dismiss. The motions to dismiss for want of personal jurisdiction filed pursuant to Rule 12(b)(2) were filed on January 11, 2013. A memorandum in support of the defendants’ motion to compel arbitration and in response to Willis’s opposition to the defendants’ motion to compel was filed on February 12, 2014. In the opening paragraph of the response, the defendants again stated that arbitration was being sought only in the event the trial court denied their motions to dismiss. Rather than treat the potentially dispositive motions to dismiss separately, the trial court heard arguments on all the motions on April 3, 2013, and denied all the motions on October 16, 2013.
The proper procedure would have been for the defendants to defer presentation of their motion to compel arbitration until the trial court had ruled on the dispositive motions to dismiss. However, the defendants invited a ruling on an issue as to which the trial court lacked jurisdiction to decide if the motions to dismiss were well taken. I recognize that the defendants coupled their motion to compel arbitration with language to the effect that the motion would not be ripe for a ruling if the court granted their motions to dismiss. However, the undeniable fact remains — if the trial court had erroneously denied the motions to dismiss and this Court overturns that order by issuance of the writ of mandamus in response to the defendants’ petition, the trial court will have decided a moot issue — the issue of arbitrability.
In his dissenting opinion Justice Mur-dock supports his view that no waiver is here presented by citing Gerber v. Riordan, 649 F.3d 514 (6th Cir.2011), in which the court stated:
“Only those submissions, appearances and filings that give ‘[Pjlaintiff a reasonable expectation that [Defendants] will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking,’ [Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir.2010) ], result in waiver of a personal jurisdiction defense.”
(Emphasis added.) Gerber therefore supports the view that the submission of a potentially moot issue for decision by the trial court along with a challenge to jurisdiction is a waiver of the jurisdictional issue.[5] I find Justice Murdock’s attempt to distinguish Gerber to be unpersuasive.
The defendants have tried to have their cake and eat it too. See Malsch v. Bell Helicopter Textron, Inc., 916 So.2d 600, 609 (Ala.2005) (Lyons, J., dissenting):
“Such acrobatic posturing violates the following equitable principle: ‘Thou shalt not have it both ways.’ As the English Court of Exchequer in Cave v. Mills, 7 H. & W. 927, 31 L.J. Ex. 265 (1862), put it: ‘A man shall not be allowed to blow hot and cold, to claim at one time and deny at another.’ ”
If the defendants have waived the defense of lack of jurisdiction over the person, the only issue for this Court to decide *1204 is whether the trial court erred in denying arbitration. I concur with the majority’s analysis reversing the trial court’s denial of the defendants’ motion to compel arbitration.

. We are not here presented with a defendant who has unsuccessfully moved for dismissal for lack of personal jurisdiction and then, after the denial of its motion, defended the action rather than suffer the consequences of a default while continuing to assert its jurisdictional defense along with its defense of the merits. Under those circumstances, this Court has recognized a defendant’s right to appeal the denial of the motion to dismiss for lack of personal jurisdiction after entry of final judgment against the defendant. See Ex parte United Ins. Cos., 936 So.2d 1049, 1056 (Ala.2006).